**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

IRONSIDE HOLDINGS, LLC,

a Tennessee Limited Liability Company

Plaintiff,

v. No.

CREVCO, INC., a Missouri Corporation

Defendant.

---

# COMPLAINT

---

COMES NOW Plaintiff, Ironside Holdings, LLC, by and through counsel, and file this Complaint against Defendant, Crevco, Inc.. In support of its causes of action, Plaintiff would show:

## INTRODUCTION

This action arises from a written agreement for the sale of real property in Franklin County, Missouri On April 11, 2025, Plaintiff Ironside Holdings, LLC and Defendant Crevco, Inc. by and through its sole shareholder and registered agent, Robert Small, executed a Purchase Agreement for a 140-lot manufactured housing community located at 109 Quail Ridge, Dr., Saint Clair, Missouri for a purchase price of $4,600,000.00. The Agreement required closing within 30 days following expiration of a due diligence examination period. Defendant failed to provide due diligence materials and filed to close by the contractual deadline. Plaintiff respectfully seeks relief as follows: 1) a record notice of *lis pendens*, 2) a finding of Defendant's breach of contract and damages, 3) a judgment for specific performance, and 4) attorney fees and costs.

## I. PARTIES

1. Plaintiff, Ironside Holdings, LLC.("Ironside") is a Tennessee limited liability company with a principal place of business at 10412 Eagles View Drive, Knoxville, Tennessee 37922.

2. Defendant, Crevco, Inc.("Crevco"), is a Missouri corporation with its principal place of business at 155 Baucky Lane, Union, Missouri 63084. Crevco may be served with process in care of its Registered Agent and sole shareholder Robert Small at 155 Baucky Lane, Union, Missouri 63084.

3. The real property Plaintiff places at issue in this case is commonly known as 109 Quail Ridge Drive, Saint Clair, Missouri 63077, Parcel No. 22-7-35.0-4-099-027.000, as shown in the Franklin County Recorder of Deeds, Recording No. 619-00492 and more fully described as follows:

> A tract of land in the City of St. Clair, being part of the East half of the Southeast qr. in Section thirty-five (35), Township Forty-two (42) North, Range One (1) west described as follows: Beginning at a point in the West right-of-way line of Missouri State Highway "PP", said point being North 0°40'East 385.70 feet and North 89° West 45.0 feet from the Southeast corner of said Section Thirty-five (35), run thence North 89°00' West 100.0 feet, thence North 1°10' East 45.0 feet, thence North 89°00' West 60.0 feet thence, North 52°15' West 900.0 feet to a point, thence North 1°10' East 195.0 feet to a point, thence North 82°30' West 101.99 feet to a point, thence North 1°10' East 820.00 feet to an iron stake in the North property line, thence South 89°00' East 690.0 feet to a tie post set in concrete, thence South 29°00' East 222.30 feet to a point, thence North 89°00' East 105.80 feet to a point, thence South 63°00' East 137.40 feet to a point in the West line of Walls Ford County Road, thence along the West line of the County Road South 1°40' West 259.10 feet to an iron pin and South 27° East 50.0 feet to an iron pin, thence South 1°40' West 255.60 feet to an iron pin in the West right-of-way line of Missouri State Highway "PP", thence on said right-of-way line South 9°40' West 439.10 feet to an iron pin and South 0°40' West 375.0 feet to the place of beginning, containing 29.55 acres, more or less.
>
> Subject to easements, conditions, and restrictions of record, if any.
>
> Subject to Deed of Trust of record in Book 617 Page 966 the unpaid balance of which the Grantee hereby assumesand agrees to pay.
>
> Subject to Deed of Trust of record in Book 617 Page 957 the unpaid balance of which the Grantee hereby assumes and agrees to pay.

(the "Property").

## II. JURISDICTION AND VENUE

4. The sole member of Ironside is Blake Ironside, who is a Florida domiciliary, to the end that Ironside is domiciled in Florida for purposes of diversity jurisdiction.

5. Crevco, being a Missouri corporation, is domiciled in Missouri for purposes of diversity jurisdiction.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

7. Venue is proper within this court as the events giving rise to this action occurred in the Eastern District of Missouri and the real property subject to this action is wholly situated in Eastern District of Missouri and within the Eastern Division of this Court.

## III. FACTUAL BACKGROUND

8. On April 11, 2025, Plaintiff, as Buyer, entered into a binding Purchase Agreement ("Agreement") with Defendant Crevco for the purchase of a tract of certain real property (the "Property") situated in Franklin County, Missouri.

9. A true and correct copy of the executed Agreement is attached hereto as **Exhibit A**.

10. The Agreement provides that in consideration of the $4,600,000.00 purchase price:

> 2. **Conveyance and Transfer**. The Real Property shall be transferred and conveyed to Buyer by warranty deed, free and clear of all liens, encumbrances, rights-of-way, restrictions, conditions, and encroachments, except as may be approved by Buyer in writing. The Personal Property (specifically including, without limitation, the property name, to which Seller shall surrender all interest and cease use) shall be transferred and assigned to Buyer by bill of sale and assignment, with full warranties of title, free and clear of all liens, claims and encumbrances. Seller shall also execute and deliver such other instruments which Buyer may deem necessary or advisable in order to transfer to Buyer full and complete title to the Property and to give full effect to the terms and conditions of this Agreement, including, without limitation assignment of leases. Seller represents and warrants that it is the sole signatory for the Property and has the authority to enter into this Agreement.

**Exhibit A**, Agreement, Section 2.

11. The Agreement provides by its terms that it is effective as of the date of the parties' signature, April 11, 2025 (the "Effective Date").

12. The Agreement expressly states:

> 12. **Entire Agreement**. This Agreement contains the entire understanding and agreement of the parties, and this Agreement may not be amended except by written instrument signed by both parties. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal representatives, successors and assigns.

**Exhibit A,** Agreement, Section 2.

13. The Agreement includes a 60-day period following the Effective Date for the Buyer to investigate the physical condition of the property (the "Investigation Period") with an additional 60-day review period following receipt of the investigative material (the "Review Period").

14. Pursuant to the terms of the Agreement, upon written request, the Seller is to provide all documents and materials in the Seller's possession and control needed by the Buyer to complete the review. **Exhibit A**, Agreement, Section 5(a)-(b).

15. The Agreement includes the option to extend the Review Period in the event the Seller fails to provide requested information timely (the "Examination Period"). **Exhibit A**, Agreement, Section 5(c)-(d).

16. Plaintiff timely provided written request for diligence materials to Crevco.

17. Crevco failed to provide Plaintiff with due diligence material as required.

18. Crevco's failure to provide due diligence materials to Plaintiff pursuant to Section 5(b) constitutes material breach of the Agreement.

19. On May 23, 2025, Plaintiff, by counsel, provided written demand to Crevco to perform under the terms of the Agreement.

20. A true and correct copy of the May 23, 2025 correspondence is attached hereto as **Exhibit B**.

21. Plaintiff received no response to the request.

22. Ironside, as Buyer, maintained the right to terminate the Agreement during the Examination Period by providing written notice to Crevco. **Exhibit A**, Agreement, Section 5(d). Ironside did not avail itself of the termination option during the Examination period.

23. Pursuant to the terms of the Agreement, the Examination Period expired August 24, 2025 – 135 days from the Date of Execution.

24. Pursuant to the terms of the executed Agreement, unless terminated by the Buyer, the closing of the Property "shall" occur on or before September 23, 2025, "within 30 days following the Examination Period." **Exhibit A**, Agreement, Section 3.

25. Cervo failed to close as required.

26. Crevco's failure to close on or before September 23, 2025 pursuant to Section 3 constitutes a material breach of the Agreement.

27. Section 9 of the Agreement states:

> 9. **Remedies**. In the event of Buyer's default hereunder, Seller may receive the Escrow Deposit as Seller's sole remedy. In the event of Seller's default hereunder, Buyer may recover the Escrow Deposit, seek additional damages, specifically enforce this Agreement, and recover its reasonable attorney's fees incurred. Seller waives the right to assert the defense of lack of mutuality in any action instituted by Buyer to enforce its remedies hereunder.

**Exhibit A**, Agreement.

28. Plaintiff has executed all obligations under the Agreement.

29. Plaintiff has satisfied all conditions precedent to initiation of this lawsuit.

30. As a direct result of Defendant's breach of the Agreement, Plaintiff suffered actual damages.

## IV. CAUSES OF ACTION

### COUNT ONE – *LIS PENDENS*

31. Plaintiff incorporates by reference paragraphs 1-30 as if fully stated verbatim herein.

32. Plaintiff is entitled to the certification of a Notice Lis Pendens so as to ensure during the pendency of these proceedings that any potential *bona fide* purchaser of the Property has knowledge of this lawsuit, which seeks to enforce rights of Plaintiff to purchase the property as set forth in the Agreement, which said rights and obligations constitute a lien on the Property in an amount no greater than $4,600,000.00, which represents the purchase price reflected in the executed Agreement. Mo. Rev. Stat. § 527.260.

### COUNT TWO – BREACH OF CONTRACT - DAMAGES

33. Plaintiff incorporates by reference paragraphs 1-30 as if fully stated verbatim herein.

34. The Parties entered into an Agreement for sale of the Property. The Agreement constitutes a legal contract.

35. Defendant breached the terms of the contract in part by failing to deliver due diligence material and in failing to close on the Property by the time of the closing deadline set forth in the Agreement, entitling Plaintiff to recover its direct and consequential damages incurred with respect to this this breach, including without limitation its loss of income and loss of business opportunities..

36. Plaintiff requests that any damages awarded to it as against Defendant Crevco be assessed as a closing credit with respect to the purchase price set forth in the Agreement. In the alternative, Plaintiff requests that its damages be awarded as a monetary judgment against Defendant Crevco.

37. Plaintiff has incurred, and will continue to incur, attorney fees in the prosecution of this action.

38. Plaintiff is entitled to attorney fees and costs pursuant to Section 9 of the Agreement.

**COUNT THREE – BREACH OF CONTRACT - SPECIFIC PERFORMANCE**

39. Plaintiff incorporates by reference paragraphs 1-30 as if fully stated verbatim herein.

40. Plaintiff is entitled to entry of a Judgment commanding Defendants to perform pursuant to the Agreement and to convey the Property to the Plaintiff, with full warranty of title and requiring Defendants to execute all necessary instruments to effect such a conveyance, and satisfaction of all valid and payable obligations that may be owed such that title to the Property is marketable and free and clear of all encumbrances upon conveyance.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that process issue for the Defendants, and that upon conducting such proceedings as may be appropriate, the Court enter judgment granting it the following relief:

a. Enter judgment that Defendant Crevco perform pursuant to the Agreement and convey the Property to Plaintiff as set forth herein;

b. Award Plaintiff all of its direct and consequential damages against Defendant Crevco, to be awarded as a closing credit against the purchase price set forth in the Agreement, or alternatively, as a monetary judgment in an amount sufficient to compensate Plaintiff for its damages as proved at trial, not to exceed $6,000,000;

c. Award Plaintiff his reasonable attorney fees and expenses;

d. That an abstract of this suit be recorded as a *lis pendens* with respect to this action and the Property, to provide record notice of this pending action to any potential *bona fide* purchasers without actual knowledge of Plaintiff's claims for specific performance affecting title to the Property;

e. Grant Plaintiff any such other legal or equitable relief to which he may be entitled at the conclusion of these proceedings.

Respectfully submitted this the 23rd day of October, 2025.

SANDBERG PHOENIX & von GONTARD P.C.

/s/ *Benjamin R. Wesselschmidt*
Benjamin R. Wesselschmidt, #66321(MO)
Adrianna Northrop J. Northrop, #76840(MO)
701 Market Street, 6th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (Fax)
bwesselschmidt@sandbergphoenix.com
anorthrop@sandbergphoenix.com
*Attorney for Ironside Holdings, LLC*