IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRONSIDE HOLDINGS, LLC,<br>a Tennessee Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CREVCO, INC.,<br>a Missouri Corporation,<br><br>Defendant. | Case No. 4:25-CV-01582 ZMB |

**DEFENDANT'S POST-TRIAL BRIEF**

Comes now Defendant, by and through his attorneys, and for his Post-Trial Brief in this matter states as follows:

**I. Plaintiff's damages are speculative and were not established to a reasonable degree of certainty.**

Plaintiff was required to prove actual damages to a reasonable degree of certainty. *Every Day Learning Corp. v. Larson,* 242 F.3d 815, 819 (8th Cir. 2001). This the plaintiff failed to do.

Plaintiff's damages consisted of Plaintiff's claim that because of Defendant's alleged default, a secret, undisclosed "Resale Agreement" with a third party was not consummated. Plaintiff's evidence in that regard was that he and a third party had been negotiating for a resale of the Defendant's property which was to be evidenced by a "formal" contract to be signed by them. As indicated by Plaintiff's representative's affidavit, the formal contract was to contain "certain contingencies". When asked on cross examination what contingencies were going to be contained in the "formal" contract, Defendant referenced one contingency which had to do with the

rebuilding of a public street. Plaintiff also mentioned that Defendant's financial records were also being sought by the third-party buyer. When asked what other terms would be included in the "formal" contract, Plaintiff answered that he did not know.

It is clear from the evidence that Plaintiff's "formal" contract was in the negotiation phase; that the "formal" contract would contain contingencies and other unknown provisions; but that Plaintiff "did not know" what other contingencies or other terms would find their way into the "formal" contract. As a result of the uncertainty and unenforceability of the third-party contract—which Defendant knew nothing of—it is pure speculation to believe that had Defendant fully performed under the parties' agreement, that the third party would, in fact, have signed the "formal" contract, waived the contingencies and closed on the resale contract. Such is pure speculation which cannot support Plaintiff's claim for damages. *Mueller v. Abdnor*, 972 F.2d 931(8th Cir.1992).

For the above reasons, judgment should be entered for Defendant.

BAYLARD, BILLINGTON, JENSEN,
STRUZZI & PIONTEK, P.C.

By:______________________________

DAVID L. BAYLARD #25595MO
30 South McKinley
Union, MO 63084
636-583-5103
Fax Line: 636-583-1877
E-mail: dbaylard@bbd-law.com
ATTORNEY FOR DEFENDANT

THIS IS TO CERTIFY that a copy of the above and foregoing was provided via the Court's electronic noticing system on this 20th day of April, 2026, to Benjamin R. Wesselschmidt and Adrianna J. Northrup, Attorneys for Plaintiff, 701 Market Street, 6th Floor, St. Louis, MO 63101.

______________________________
DAVID L. BAYLARD