UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IRONSIDE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1582-ZMB |
| | ) | |
| CREVCO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Ironside Holdings, LLC's Motion for Default Judgment, Doc. 12, and Defendant Crevco, Inc.'s motion and amended motion to set aside default judgment, Docs. 14, 22. Because Crevco has failed to show good cause to set aside the entry of default, the Court denies its motions. And while the Court grants Ironside's Motion for Default Judgment, it does so only in part because it has not adequately established damages.

**BACKGROUND**

**I. Relevant Facts**[1]

Ironside and Crevco originally contracted for the sale of land in St. Clair, Missouri, for $4,600,000. Doc. 1 ¶¶ 8–11. Crevco breached the contract by failing to timely provide the necessary due diligence materials required to close on the sale with Ironside. *Id.* ¶¶ 17–26. As a result of the breach, Ironside suffered unspecified damages. *Id.* ¶ 30.

**II. Procedural History**

Ironside filed suit in October 2025, seeking specific performance, *lis pendens*, damages, and attorneys' fees. *Id.* ¶¶ 31–40. Crevco was served a month later but did not appear. Doc. 4. Though Crevco missed its answer deadline, Ironside did not move for entry of default. The Court

[1] Due to its denial of the motion to set aside default, the Court accepts the following facts from the Complaint as true.

eventually ordered Ironside to show cause why the action should not be dismissed for failure to prosecute or to move for entry of default in light of Crevco's failure to appear. Doc. 5. The same day, Ironside filed a motion for entry default. Doc. 6. The Clerk of Court entered default on January 23, 2026. Doc. 8. After another period of inaction, the Court ordered Ironside to show cause why the action should not be dismissed for failure to prosecute or to file a motion for default judgment. Doc. 11. Ironside filed a motion for default judgment the same day, limiting its requested relief to lost-profit damages and attorney's fees. *See* Doc. 12 at 6.

Crevco finally appeared the next month, filed a motion to set aside the default, and answered the Complaint. Docs. 12–16. Ironside opposed setting aside the default, but Crevco did not reply. Doc. 24. The Court then set an in-person hearing to discuss the outstanding motions. Doc. 26. Following the hearing, Doc. 38, the parties submitted post-hearing briefing, Docs. 41–42.

**LEGAL STANDARD**

While there is a strong "judicial preference for adjudication on the merits," *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015), Federal Rule of Civil Procedure 55(c) requires a showing of good cause before a "court may set aside an entry of default." The party seeking to set aside the entry of default bears the burden of establishing good cause. *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008). The relevant factors for assessing "good cause" include: "(1) the blameworthiness or culpability of the defaulting party; (2) the existence of a meritorious defense; and (3) prejudice to the other party by setting aside default." *Johnson v. Leonard*, 929 F.3d 569, 573 (8th Cir. 2019). But if a party was sufficiently blameworthy or culpable, the court need not consider the last two factors. *Woods v. Cortex Transp.*, No. 2:22-CV-83-RLW, 2023 WL 3816677, at *1 (E.D. Mo. June 5, 2023). Blameworthiness operates on a sliding scale, with "Eighth Circuit cases [] consistently s[eeking] to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines. [Courts] have rarely, if ever, excused the former." *Id.* (citing *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)).

To enter default judgment, the Court must exercise its sound discretion and consider various factors, including:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Belcourt Pub. Sch. Dist.*, 786 F.3d at 661. After the court finds that a default judgment is warranted, it must "consider whether the unchallenged facts constitute a legitimate cause of action." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). A party entitled to default judgment must "prove [] damages by a preponderance of the evidence." *Smith v. Jacon LLC*, 2023 WL 111979, at *2 (D. Minn. Jan. 5, 2023) (citing *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)). Further, after the entry of default judgment, the Court may exercise its discretion "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *KD ex. rel. JD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021).

## DISCUSSION

Considering the record evidence and testimony elicited at the hearing, the Court finds Crevco operated in bad faith in failing to appear despite knowing about this case well before the entry of default. But while the Court will not set aside the entry of default, Ironside failed to establish entitlement to the damages it seeks at this time. Thus, the Court grants default judgment only as to liability and exercises its discretion to defer to a jury in assessing damages.

### I. Entry of Default

The Court must first address Crevco's motion to set aside the Clerk's entry of default. Crevco asserts that its registered agent, Robert Small, suffers from a neurocognitive disorder and

did not remember having been served on October 30, 2025. Doc. 14 ¶ 1. As a result, Crevco claims that it first learned of service on February 13, 2026. *Id.* Perhaps realizing that this bare assertion was insufficient, Crevco later filed an affidavit from Small attesting that the contents of the Motion to Set Aside Default were "true and accurate according to [his] knowledge and belief." Doc. 20 ¶¶ 1–3. However, he undercut that statement at the hearing. Doc. 38.

At the hearing, Small again asserted that he did not remember being served due to memory issues, but he admitted to learning of a lawsuit in early January when his bank turned him down for mortgage refinancing. *Id.* A day later, his title company gave him details about this case, and mentioned a judgment against Crevco. *Id.* Small spoke with Ironside's owner and operator, Blake Ironside (Blake), 10 days later. *Id.* When questioned further at the hearing, he admitted that he had not forgotten about any of these conversations when he signed his affidavit. *Id.*

Given this record, it is apparent that Small—at best—intentionally delayed his response to the instant suit. In fact, his testimony clarifies that he became aware of the lawsuit about 2 weeks before the entry of default and almost 2 months before Crevco's attorney appeared in this case, despite believing that some form of judgment had been entered against Crevco. Further, Small's testimony is at least in tension with the sworn statements in his affidavit, and as such, the Court will give it no weight. Given these inconsistencies and Small's testimony at the hearing, the Court finds that he acted in bad faith when failing to respond to this lawsuit.

Additionally, while the Court need not consider them due to Crevco's bad faith, both of the remaining two factors cut against setting aside default. At a minimum, Crevco's argument that Ironside breached the earnest money condition is weak given that it was the first to breach by failing to provide necessary due-diligence materials under the contract. And prejudice is established because specific performance is no longer viable given testimony at the hearing about

the follow-on deal for the property. Thus, because there is no basis to set aside the entry of default, the Court denies Crevco's motion.

## II. Default Judgment

With the default in place, the Court turns to Ironside's Motion for Default Judgment. Doc. 12. "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true." *Murray*, 595 F.3d at 871. But while the Complaint sufficiently alleges a breach of contract, the Court finds that Ironside has failed to establish the alleged damages.

"The burden of proving that damages exist, and the amount of those damages, rests with the party claiming breach of contract." *Curators of Univ. of Mo. v. Suppes*, 583 S.W.3d 49, 61 (Mo. Ct. App. 2019); *see also Duvall v. Maxey*, 249 S.W.3d 216, 222 (Mo. Ct. App. 2008) (courts must "base any ruling as to damages on actual evidence," even after entry of default). Here, in its motion for default judgment, Ironside claims $900,000 worth of lost-profit damages because the company had planned to resell the property for a markup after purchasing it from Small. Doc. 12 at 6; *see* Doc. 12-1. Calculating lost-profit damages requires looking at "the net profits a plaintiff would have realized had the contract not been breached." *Suppes*, 583 S.W.3d at 61 (quotation omitted). A plaintiff must "prove the fact of damages with reasonable certainty and provide an adequate basis for the jury to estimate the lost profits with reasonable certainty." *S&H Farm Supply v. Bad Boy, Inc.*, 25 F.4th 541, 549 (8th Cir. 2022) (applying Missouri law).

At least at this point, Ironside has failed to prove lost-profit damages. Crevco correctly notes that some of Blake's statements regarding resale negotiations were inadmissible hearsay, and other questions called for speculation. Doc. 38. Indeed, Blake admitted that there was never a formal resale agreement and that negotiations were ongoing. *Id.* While the lack of progress in

negotiations appears to stem from Crevco's wrongful conduct, Ironside must do more to prove that it was reasonably certain that the resale would have occurred but for the breach.

Resisting this conclusion, Ironside cites *Catroppa v. Metal Building Supply* to buttress its damages claims. Doc. 42 at 2–3 (citing 267 S.W.3d 812 (Mo. Ct. App. 2008)). But contrary to its assertion that the damages estimate here is more certain than in *Catroppa*, it is clear that the new buyer did not have a chance to review critical due-diligence paperwork. Doc. 38. Further, the resale negotiations had not even reached the point of a draft purchase agreement, which Blake admitted would require multiple rounds of redlines before finalizing. *Id.* Additionally, there was at least one known contingency that may have reduced the eventual purchase price by tens of thousands of dollars. *Id.* That said, there was relatively little time at the end of hearing to address the issue of damages, and Ironside potentially could cure the evidentiary deficiencies—for example, by eliciting testimony from the would-be purchaser or by laying additional foundation for why Blake reasonably believed the sale would go through based on his experience. Therefore, the Court will exercise its discretion and set this matter for a one-day jury trial to assess the proper quantum of damages. *KD ex rel. LD v. Robeson*, 2020 WL 836738, at *3 (D. Neb. Feb. 20, 2020) (noting power of court to set jury trial on damages).

In sum, the Court finds that default judgment is warranted as to liability and an award of attorney's fees up to the point of the evidentiary hearing. However, Ironside has failed to establish lost-profit damages, at least at this stage of the case. Therefore, the Court will set a jury trial to assess this limited category of damages, after which it will determine an appropriate award of attorney's fees and enter judgment in this matter.

## CONCLUSION

Accordingly, the Court **DENIES** Defendant Crevco, Inc.'s [14] Motion to Set Aside Default Judgment and [22] Amended Motion to Correct, **GRANTS IN PART** and **DENIES IN PART** Plaintiff Ironside Holdings, LLC's [12] Motion for Default Judgment, and directs the Ironside to submit the parties' joint availability for a one-day jury trial on lost-profit damages in August 2026 via email to chambers.

So ordered this 29th day of June 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE