UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IRONSIDE HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CREVCO, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-CV-1582-ZMB |

**ORDER RELATING TO TRIAL**

This matter is before the following the parties' submission of trial dates. Doc 43. Pursuant to Federal Rule of Civil Procedure 16, the Court sets the following deadlines governing trial:

**I. Order Relating to Trial**

The Court sets this case for a **JURY** trial as to damages on **Monday, August 24, 2026**, at **9:00 a.m.** This is a **two-week docket**, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on 24 hours' notice. Additionally, the Court sets a final pretrial conference for **Thursday, August 20, 2026**, at **1:00 p.m.** in Courtroom 14-South.

Unless otherwise ordered by the Court upon a showing of good cause, the parties must comply with the following pretrial compliance deadlines **no later than 21 days before trial**:

**a. Stipulation**: The parties must meet and confer to determine which facts are uncontested and file a joint stipulation that may be read into evidence absent any objections, including a brief summary of the case for use during voir dire.

**b. Witnesses**: The parties must file a list of all proposed witnesses, identifying those witnesses the party will call and those the party may call. Except for good cause shown, no party may call any witnesses not included on this witness list.

**c. Exhibits**: The parties must:

i. Mark for identification all exhibits they intend to offer at trial, including demonstrative and illustrative aids (with Plaintiff(s) using Arabic numerals, Defendant(s) using letters and proceeding to AA, AB . . . AZ and so on if necessary, and specifying their name if needed to distinguish between parties of the same type, e.g. Pl. Jones–1, Def. Smith–A).

1. **No later than 14 days before trial**, the parties must file any objections to the exhibits. Before doing so, the parties must meet and confer telephonically or in-person and attempt to resolve any issues. The Court will deem waived any objections not made in writing at least 14 days before trial. **No later than 10 days before trial**, the proponent must file a response or the exhibit will not be admitted.

ii. Submit copies of their exhibits and any certifications under Federal Rule of Evidence 902(11) or (12) to opposing counsel for examination.

iii. File a list of all exhibits, identifying those exhibits the party will introduce and those the party may introduce and indicating whether the party intends to authenticate any business record under Federal Rule of Evidence 902(11) or (12). Except for good cause shown, no party may offer any exhibits not identified in the exhibit list or submitted for examination by opposing counsel.

**d. Jury Instructions**: The parties must exchange proposed jury instructions and verdict forms, with each request supported by at least one pertinent citation. Thereafter, the parties must meet and confer and attempt to resolve any contested issue. To that end, lead counsel must personally speak before submitting any instructions to the Court.

Unless otherwise ordered by the Court upon a showing of good cause, the parties must comply with the following pretrial compliance deadlines **no later than 14 days before trial**:

**e. Proposed Voir Dire**: Voir dire will be conducted by the Court, with counsel allowed to ask follow-up questions to specific panel members based on their responses. The parties must submit any requests for specific questions they would like the Court to ask during voir dire.

**f. Pretrial Brief**: The parties must each file a pretrial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**g. Exhibits**: Each party must separately submit copies of the exhibits they expect to introduce at trial to Judge Bluestone's Judicial Assistant, Erica Wall. Prior to this deadline, each party must contact chambers to determine how to submit exhibits (e.g., email, Dropbox, hard copy, or USB drive).

**h. Jury Instructions**: The parties must jointly file a single document that: (1) identifies the agreed-on final jury instructions, (2) indicates the disputed instructions with each party's proposed language, and (3) includes the proposed verdict forms. The parties must support each request by at least one pertinent citation. The parties must also email a Microsoft Word version of the jointly filed document and a clean copy to chambers.

i. The parties need not submit any jury instructions to be given at the

beginning of trial; Judge Bluestone has his own standard set.

**i.** **Motions in Limine**: The parties must file all motions in limine to exclude evidence. Before filing a motion in limine, the parties must meet and confer and attempt to resolve any contested issues. If the parties agree that certain evidence should be excluded, the parties must jointly file a stipulation regarding which evidence should be excluded.

i. **No later than 10 days before trial**, the parties must file responses to motions in limine. The parties need not file a reply.

Pursuant to Local Rule 8.04, if the parties terminate or settle a case and fail to immediately notify the Court in time to cancel the jury attendance or use the summoned jurors in another trial, the Court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties. The Court reminds the parties that the failure to comply with these deadlines will result in sanctions, including the dismissal of this action or restrictions on the admissibility of evidence. *See* FED. R. CIV. P. 16(f)(1)(C); E.D. MO. L.R. 5.04.

So ordered this 7th day of July 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE